UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS R. FOSTER, | No. 1:22-cv-00866-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1] |
| v. | |
| UNKNOWN, | |
| Respondent. | FOURTEEN-DAY OBJECTION PERIOD |
| | (Doc. No. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Carlos R. Foster ("Petitioner"), a state prisoner initiated this action by filling a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Southern District of California on July 5, 2022. (Doc. No. 1, "Petition"). On July 14, 2022, the Petition was transferred to this Court. (Doc. No. 4). This matter is now before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. For the reasons set forth below, the Court recommends that the Petition be DISMISSED without prejudice for failure to state a cognizable claim and failure to exhaust administrative remedies.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

## I. BACKGROUND

Petitioner is serving a fifteen to life sentence for his February 10, 1993 conviction for second degree murder. (Doc. No. 1 at 1-2). The Petition raises two grounds for relief. In ground one, Petitioner claims "A.D.A. confession not found in [California Reporter], Court Orders, WPC in which I looked for under Homicide." (Doc. No. 1 at 6). In the supporting facts section, Petitioner lists general citations to the California Reporter and WPC numbers. (*Id.*). Elsewhere in the Petition, Petitioner explains that he did not file a state habeas petition with the California Supreme Court containing the grounds raised in the Petition because he "[is] being denied without any signs of help. I wrote down as grounds that I am not in any Cal. Rptr., Court Orders, or WPC # 4677795 or 467779-5." (*Id.* at 5). In ground two, Petitioner claims "2004 Jamestown pardon/release/parole/medical of former Governor Pete Wilson from request of Salinas Valley State Prison [indecipherable] and my CCI there J. Mee." (*Id.* at 10).

## II. APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A. Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has

held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In addition, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition

>  (1) Specify all the grounds for relief available to the petitioner;
>  (2) State the facts supporting each ground;
>  (3) State the relief requested;
>  (4) Be printed, typewritten, or legibly handwritten; and
>  (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Here, Petitioner has failed to comply with the aforementioned statutes and rules.  Other than conclusory statements, Petitioner has not specified any grounds for relief, any supporting factual allegations, or any relief requested.  (*See generally* Doc. No. 1).  Moreover, it is clear that relief on Petitioner's claims would not lead to his immediate or earlier release.  *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," a habeas claim is not appropriate).  Petitioner does not challenge his conviction or sentence.  Rather, the gravamen of petition appears to consist entirely of Petitioner seeking assistance from the Court in locating documents related to an "A.D.A. confession case." (Doc. No. 1 at 6-7).  The Court does not dispense legal advice.  Petitioner's "claims" are clearly not cognizable via a petition for writ of habeas corpus.

Based on the foregoing, the undersigned recommends Petition be dismissed for failure to state a cognizable claim, as it appears that no tenable claim for relief can be pleaded were such leave granted.  In addition, as discussed below, Petitioner concedes he has failed to exhaust administrative remedies.

**B. Failure to Exhaust Administrative Remedies**

A petitioner in state custody who wishes to proceed on a federal petition for a writ of

habeas corpus must exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1).  Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim.  *Day v. McDonough*, 547 U.S. 198, 205 (2006).  The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  The burden of proving exhaustion rests with the petitioner.  *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)).  A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, Petitioner concedes that he has not sought review in the California Supreme Court on either "ground for relief." (Doc. No. 1 at 5-6, 10).  Because it appears Petitioner has failed to exhaust his claims, the undersigned recommends the court dismiss the Petition because the purported "grounds for relief" are unexhausted.  If Petitioner presented his claims to the California Supreme Court, he should provide proof of this filing to the court in his objections to these findings and recommendations.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

Further, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a cognizable claim and failure to exhaust administrative remedies.

2. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE